NOT FOR PUBLICATION

## FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LASANE LEE ROBERTSON, | No. 15-56156 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-00633-GW-PLA |
| v. | |
| DAVE DAVEY, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted July 11, 2017
Pasadena, California

Before: REINHARDT, FERNANDEZ, and WARDLAW, Circuit Judges.

Lasane Robertson ("Robertson") appeals the district court's dismissal of his

28 U.S.C. § 2254 habeas petition as untimely. We have jurisdiction pursuant to 28

U.S.C. §§ 1291 and 2253. We reverse the dismissal of Robertson's habeas petition

and remand for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The district court erred in finding that Robertson was ineligible for equitable tolling during the periods in which he received legal assistance from fellow prisoners, who filed state habeas petitions on his behalf. In *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), we laid out a two-part test for equitable tolling based on a mental impairment. First, a petitioner must show that "his mental impairment was an 'extraordinary circumstance' beyond his control," rendering him unable to personally prepare a habeas petition or understand the need to timely file. *Id.* at 1099–1100. Second, he must show that he was diligent in pursuing his claims "but that [his] mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Id.* at 1100. This test does not preclude a petitioner from showing that he was entitled to equitable tolling while he was receiving legal assistance from fellow prisoners. As we explained in *Bills*, "[A] petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, *or the ability to cooperate with or monitor assistance the petitioner does secure*." *Id.* (emphasis added).

The district court did not determine whether Robertson met the requirements for tolling under *Bills* because it found that, even if he did, the statute of limitations expired during the time he had assistance from jailhouse lawyers. We remand for

2

the district court to make these findings in the first instance. *See id.* at 1101 (remanding for the district court to make factual findings regarding petitioner's mental impairment and diligence). For the periods during which Robertson had assistance, the district court must determine whether Robertson's impairment prevented him from adequately monitoring those helping him. *See id.* at 1100.

Concurrently, we grant Robertson's unopposed request for judicial notice of the Clark Remedial Plan and California Department of Corrections distribution memo. *See* Fed. R. Evid. 201(b).

**REVERSED; REMANDED.**